IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01767-CMA-KLM

TRIPOLI MANAGEMENT, LLC, d/b/a DWIRE EARTHMOVING & EXCAVATING,

    Plaintiff,

v.

WASTE CONNECTIONS OF KANSAS, INC.,

    Defendant.

_____

## ORDER STAYING CASE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Stay of Discovery** [Docket No. 16; Filed September 16, 2009] (the "Motion"). Pursuant to the portion of the Motion that remains, Defendant seeks to stay the case pending resolution of its Motion to Dismiss [Docket No. 7].[1] Although the Court set a deadline for Plaintiff to file a Response in opposition to the Motion [Docket No. 18], Plaintiff failed to respond. Plaintiff's failure to respond is a violation of my Order, evidences a lack of diligence on Plaintiff's part in prosecuting its case and deprives Plaintiff of the opportunity to raise objections to the Motion. Accordingly, I consider the Motion to be fully briefed and ripe for resolution,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED** for the reasons set forth below.

Although the stay of a case is generally disfavored, the Court has broad discretion

---

[1] On September 21, 2009, the Court entered an Order granting a portion of the Motion seeking to reset the Scheduling Conference [Docket No. 18]. The Court held in abeyance the remaining portion of the Motion pertaining to Defendant's request for a stay and set a briefing schedule.

to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision).  Indeed, "a court may decide that in a particular case it would be wise to stay proceeding on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").  Moreover, a stay is appropriate if "resolution of a preliminary motion *may* dispose of the entire action."  *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (emphasis added) (citation omitted).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here.  *See String Cheese,* 2006 WL 894955, at *2.  The Court balances Plaintiff's presumed desire to proceed expeditiously with its case against the burden on Defendant of going forward.  *Id.*  Although Plaintiff failed to timely raise objections to the proposed stay, there can be little doubt that Plaintiff has an interest in proceeding expeditiously, but its interest is offset by Defendant's burden.  Here, Defendant filed a Motion to Dismiss which seeks to completely dismiss Plaintiff's claims against it on the ground of personal jurisdiction.  Courts have routinely recognized that a stay is warranted while the issue of jurisdiction is being resolved.  *See, e.g.*, *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive

motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same).  On balance, and due to lack of the benefit of hearing from Plaintiff, the Court finds that the potential harm to Plaintiff is outweighed by the burden on Defendant in moving forward with this case while its Motion to Dismiss is pending.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general.  *See String Cheese*, 2006 WL 894955, at *2.  None of these factors prompts the Court to reach a different result.  In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a fully dispositive motion is pending.  *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)).  Likewise, the imposition of a stay pending the decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further case proceedings]."  *Chavous*, 201 F.R.D. at 5.  Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest which would prompt a different result.

IT IS FURTHER **ORDERED** that the case is **STAYED** until such time as the Motion to Dismiss [#7] is resolved.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for October 29,

2009 at 9:30 a.m. is **vacated** and will be reset, if appropriate, upon expiration of the stay.

Dated:  October 2, 2009

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge